THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ROBERT YOUNT,<br><br>Plaintiff,<br><br>v.<br><br>OLDCASTLE APG WEST, INC. dba AMCOR MASONRY PRODUCTS,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING [18] MOTION TO DISMISS<br><br>Case No. 2:21-cv-00252<br><br>District Judge David Barlow |

     Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint (Motion).[1] Having reviewed the parties' briefing, the court concludes the motion may be resolved without oral argument.[2] For the reasons stated herein, the Motion is DENIED.

## BACKGROUND

     In 2013, Plaintiff worked for a Canadian company subsequently purchased by Defendant Oldcastle.[3] Plaintiff relocated to Salt Lake to work as the Operations Manager for Oldcastle.[4] Plaintiff alleges Wade Ficklin, the President of Oldcastle, pressured Plaintiff and others to hire unqualified employees who were members of The Church of Jesus Christ of Latter-day Saints

---

[1] ECF No. 18, filed September 24, 2021.
[2] *See* DUCivR 7-1(g).
[3] Amended Complaint at ¶ 27, ECF No. 9, filed May 21, 2021. For purposes of the motion to dismiss, the court presumes that the factual allegations in the Original Complaint and Amended Complaint are true.
[4] *Id.* at ¶¶ 28.

("the Church of Jesus Christ" or "the Church").[5] One of these allegedly unqualified employees was Roland Irvin, the best of friend of Ficklin's son.[6]

In July 2018, Plaintiff hosted the "North America's Presidents Meeting" and was promoted to Vice President of Operations.[7] During this meeting, Plaintiff made a comment to his direct supervisor, Rhees (a member of the Church of Jesus Christ), that Irvin "would always be 'Ficklin's son's best friend,' and that he did not trust him."[8] Plaintiff alleges this comment was conveyed to Ficklin.[9] After making that comment, Plaintiff received a "Performance Improvement Plan (PIP)."[10] Prior to that, Plaintiff had never been given a written disciplinary action during his 24 years at the company or its affiliates.[11] The PIP did not provide any indication of the poor performance at issue.[12] Plaintiff met with Ficklin and Rhees after receiving the PIP.[13] They told Plaintiff that "he received the PIP because no one wants to work with him and he does not get along with others, even though the PIP itself made no mention of such issues."[14] A few weeks later, on about November 16, 2018, Plaintiff was terminated.[15] Yount was replaced with an employee who was a member of the Church.[16]

---

[5] *Id.* at ¶¶ 31–35.
[6] *Id.* at ¶ 33.
[7] *Id.* at ¶ 37.
[8] *Id.* at ¶ 38.
[9] *Id.*
[10] *Id.* at ¶ 39.
[11] *Id.* at ¶ 40
[12] *Id.* at ¶ 42.
[13] *Id.* at ¶ 43.
[14] *Id.* at ¶ 43.
[15] *Id.* at ¶ 44.
[16] *Id.* at ¶ 45.

Plaintiff filed a Charge of Discrimination against the company with the Utah Anti-Discrimination and Labor Division (UALD) and EEOC on May 18, 2019.[17] The EEOC issued a Notice of Suit Rights on August 28, 2020 which provided ninety days to file a lawsuit.[18] Plaintiff filed a complaint on November 28, 2020.[19] Defendant moved to dismiss the complaint.[20] Plaintiff filed an amended complaint on May 21, 2021.[21] The Original Complaint alleged one cause of action: Religious Discrimination in Violation of Section 34A-5-106 of the Utah Code.[22] The Amended Complaint alleges two causes of action: (1) Unlawful Termination Based on Religion and (2) Retaliatory Termination.[23]

Defendant has now moved to dismiss the Amended Complaint arguing it is untimely under the EEOC's right-to-sue letter as it was filed more than 180 days after the letter was issued.[24]

**STANDARD**

Defendant moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). To survive the motion, the complaint "must allege facts that, if true, 'state a claim to relief that is plausible on its face.'"[25] Here, Defendant challenges the timeliness of the Amended Complaint.

---

[17] *Id.* at ¶10.
[18] Addendum A, Dismissal and Notice of Rights Letter. The EEOC letter indicates it was mailed on August 28, 2020, and Plaintiff alleges he received it on or about August 31, 2020. Amended Complaint at ¶ 11.
[19] *Id.* at 11.
[20] Motion to Dismiss (Motion), ECF No. 8, filed April 30, 2021.
[21] ECF No. 9.
[22] Original Complaint at 9, ECF No. 2-2.
[23] Amended Complaint at 10–13.
[24] Motion at 5.
[25] *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016) (citation omitted).

In reviewing a motion to dismiss, the court accepts all the facts alleged in the complaint as true and views them in the light most favorable to Plaintiff.[26]

## DISCUSSION

There are two relevant issues before the court to determine whether Plaintiff's Amended Complaint is timely under the EEOC's right-to-sue letter. The first is whether the Original Complaint stated a claim under Title VII. The second is whether the Amended Complaint relates back to the Original Complaint.

### I. The Original Complaint Stated a Claim Under Title VII.

The only "cause of action" listed in the Original Complaint is under the Utah Antidiscrimination Act (UADA) which does not provide any private right of action.[27] While the cause of action section references only the UADA, the Original Complaint references Title VII and Title VII analysis more than a few times.[28] And it specifically alleges the discrimination was in violation of the Utah statute *and* Title VII,[29] that Title VII makes it "illegal to discriminate against someone on the basis of race, color, religion, national origin, or sex,"[30] that Title VII applies to Oldcastle based on the number of employees,[31] and "Plaintiff was unfairly and detrimentally affected by the religious discrimination in direct contravention to Title VII."[32]

---

[26] *Id.*
[27] Original Complaint at 9, ECF No. 6-1. The exclusive remedy for an employee claiming a violation of the UADA is an appeal to the state Division of Antidiscrimination and Labor. *Giddings v. Utah Transit Auth.*, 107 F. Supp. 3d 1205, 1208–09 (D. Utah 2015); *see also Buckner v. Kennard*, 99 P.3d 842, 852 (Utah 2004) ("But the Act itself only provides for suit by the Division of Labor Commission to enforce one of its own rulings, not for suit by a private citizen asserting a violation of the Act.").
[28] *See* Original Complaint at ¶¶ 1, 3, 12, 14–15, 54–55, 58, 68.
[29] Original Complaint at ¶ 1.
[30] *Id.* at ¶ 12.
[31] *Id.* at ¶ 14.
[32] *Id.* at ¶ 58.

The court is to give "meaning not just to the form but the substance" of the complaint.[33] A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[34] While inartfully pled, the Original Complaint meets this standard. Under the cause of action, Plaintiff alleges that it is a violation of Title VII to discriminate based on religion.[35] The Original Complaint adequately notified the Defendant of the facts of the alleged discrimination, that Plaintiff was purportedly terminated because he was not a member of the Church, and that Plaintiff alleges that Defendant's actions violated Title VII.[36] While the Original Complaint should have been worded to explicitly allege a cause of action under Title VII, the substance of the pleading is sufficient to allege such a claim in substance, and therefore is timely.

## II. The Amended Complaint Relates Back to the Original Complaint.

Even if the court were to determine that the Original Complaint did not allege a claim under Title VII, the Amended Complaint is still timely because it "relates back" to the original complaint.[37]

"An amendment to a pleading relates back to the date of the original pleading when ... the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[38] This is different than "a new ground for relief supported by facts that differ in both time and type from those the original pleading set

---

[33] *U.S. ex rel. Boothe v. Sun Healthcare Grp., Inc.*, 496 F.3d 1169, 1177 (10th Cir. 2007).
[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[35] Original Complaint at ¶ 68.
[36] *See id.* at ¶¶ 57–66, 71–73.
[37] *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 547 (2010) ("Under the Federal Rules of Civil Procedure, an amendment to a pleading relates back *to the date of the original pleading* when [Rule 15 requirements are met].").
[38] Fed. R. Civ. P. 15(c)(1)(B).

forth."[39] "As a general rule, amendments will relate back if they amplify the facts previously alleged, correct a technical defect in the prior complaint, assert a new legal theory of relief, or add another claim arising out of the same facts."[40] A new pleading cannot relate back if the effect of the new pleading "is to fault [the defendants] for conduct different from that identified in the original complaint," even if the new pleading "shares some elements and some facts in common with the original claim."[41]

Here, the core set of facts and conduct alleged in both complaints are the same. Ficklin allegedly pressured Plaintiff to hire Irvin (a member of the Church) even though Plaintiff believed Irvin lacked experience.[42] Irvin was offered a higher rate of pay than an employee with substantially more experience who was not a member of the Church.[43] Plaintiff was promoted as Vice President of Operations.[44] Plaintiff made a comment about Irvin that was relayed to Ficklin.[45] Plaintiff received a PIP.[46] Plaintiff was terminated shortly thereafter.[47] The conduct that is the focus of both the Original Complaint and the Amended Complaint is the same. Plaintiff make some changes, including adding clarifying language and a new cause of action, but does not assert any new conduct or transactions not already present in the original complaint.

---

[39] *Sylvia v. Trevino*, 842 F. App'x 175, 178 (10th Cir. 2020) (internal quotation marks omitted) (omission in original) (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013)).
[40] *Sivulich-Boddy v. Clearfield City*, 365 F. Supp. 2d 1174, 1182 (D. Utah 2005).
[41] *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).
[42] *Compare* Amended Complaint ¶¶33, 35 *with* Original Complaint ¶ 39.
[43] *Compare* Amended Complaint ¶ 35 *with* Original Complaint ¶¶ 40–41.
[44] *Compare* Amended Complaint ¶ 37 *with* Original Complaint ¶ 43.
[45] *Compare* Amended Complaint ¶ 38 *with* Original Complaint ¶ 46.
[46] *Compare* Amended Complaint ¶ 39–43 *with* Original Complaint ¶ 47–51.
[47] *Compare* Amended Complaint ¶ 44 *with* Original Complaint ¶¶ 52–53.

Defendant relies on the Tenth Circuit's opinion in *Hernandez v. Valley View Hospital Association*[48] as support that the claim, especially the retaliation claim, cannot relate back. There, the plaintiff's original complaint claimed racial and national origin discrimination, and in an amended complaint filed five months later, she claimed retaliation.[49] The district court dismissed the retaliation claim as time barred.[50] The plaintiff did not argue that her retaliation claim related back or was not based on new and discrete factual allegations. Instead, she argued the defendant had notice of the claim because it was included in her EEOC charge.[51] The Tenth Circuit determined that a retaliation claim did not relate back to the original complaint because Rule 15 requires that the new claim arise "out of the conduct, transaction, or occurrence" in the original *pleading* and not the EEOC complaint.[52] The issue in *Hernandez* was what was alleged in the EEOC complaint versus the original complaint. And the court determined the plaintiff could not rely on allegations in the EEOC charge. It did not establish a blanket rule that retaliation claims cannot relate back when based on similar conduct described in the complaint.[53]

Rule 15(c) explicitly permits adding a new *claim* so long as it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[54] Plaintiff's addition of the retaliation claim arises out of the same conduct described in the original pleading. There are no additions to the underlying conduct giving rise to the retaliation

---

[48] 684 F.3d 950 (10th Cir. 2012).
[49] *Id.* at 955.
[50] *Id.* at 953.
[51] *Id.* at 962.
[52] *Id.*
[53] *See Sylvia v. Trevino*, 842 Fed. App' 175, 179 (10th Cir. 2020) ("In this light, *Hernandez* has very little to do with this case. It certainly does not establish a rule that retaliation claims cannot relate back.") (affirming that an amended complaint asserting retaliation claim related back to original complaint).
[54] Fed. R. Civ. P. 15(c)(1)(B).

claim.[55] As the Supreme Court said in *Mayle,* the amendment is only improper if it "asserts a new ground for relief supported by facts that differ in both *time and type* from those the original pleading set forth."[56] Any alleged new facts are similar in both time and type as those described in the original complaint.[57]

Because the Original Complaint was timely and substantively alleged discrimination under Title VII and because the Amended Complaint relates back to the original complaint, the claims therein are still timely.

## ORDER

Accordingly, Defendant's motion to dismiss is DENIED.

Signed December 20, 2021.

BY THE COURT

_____
David Barlow
United States District Judge

---

[55] *See supra* at 6 nn.37–42.
[56] *Mayle v. Felix*, 545 U.S. 644, 650 (2005).
[57] *Compare* Amended Complaint ¶¶ 17–62 *with* Original Complaint ¶¶ 16–73.